# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| TEDDY G. THOMAS, III., | : | Case No. 1:25-cv-14 |
| Plaintiff, | : | |
| vs. | : | District Judge Jeffery P. Hopkins |
| | : | Magistrate Judge Elizabeth P. Deavers |
| C/O J. LEWIS, et al., | : | |
| Defendants. | : | |

## ORDER

Plaintiff, a prisoner at the Southern Ohio Correctional Facility (SOCF), filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 in this Court. On March 20, 2025, the undersigned issued an Order and Report and Recommendation, finding that plaintiff could proceed with his First, Fourth, and Eighth Amendment claims against defendants Lewis and Murray in their individual capacities, based on his allegations that these defendants retaliated against him, subjected him to a strip search for no penological purpose, and used excessive force against him, as well as his Eighth Amendment claim against defendant Haywood, based on his allegation that Haywood deprived him of medical care. (Doc. 7). It was recommended that plaintiff's remaining claims be dismissed. The Report and Recommendation remains pending.

On March 21, 2025, plaintiff filed a second complaint against defendants Cynthia Davis, Nurse Corey Sammons, CO J. Lewis, CO Jenkins, and Nurse Theresa Hill in a separate case. *See Thomas v. Davis*, 1:25-cv-184 (S.D. Ohio Mar. 21, 2025). Upon review of the second complaint, the Court determined that the complaint was properly construed as a supplemental amended complaint to be filed in this case, rather than a separate action. *See id.* (Doc. 5). It was

ordered that the second-filed complaint be filed as a supplemental amended complaint in this case.

This matter is now before the Court for a *sua sponte* review of the supplemental amended complaint (Doc. 35) to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

A. **Allegations in the Supplemental Amended Complaint**

Plaintiff alleges that since 2012 he has had seven screws and a plate in his ankle. (Doc. 35 at PageID 263). According to plaintiff, he reinjured the ankle on March 16, 2024 during a basketball game, resulting in one of the screws snapping in half and leaving him immobilized. Plaintiff alleges that he was provided crutches, but otherwise was forced to hop up and down stairs, shower without guardrails or a chair, and was unable to carry his own food. Plaintiff asserts that he sought accommodations but that the "Institutional A.D.A." denied his requests. (*Id.* at PageID 263-64). On March 16, 2024, after injuring his foot/ankle, plaintiff claims that defendant CO Jenkins repeatedly refused to pat him down, instead forcing him to hop through the medical detector on multiple occasions. According to plaintiff, this "caus[ed] him to sweat profusely. . . His right ankle, knee, thigh, hip and buttocks immediately filled with pain as did his lower back and spine." (*Id.* at PageID 267).

The complaint also includes allegations regarding March 17, 2024 against defendant CO Lewis, which was the subject of the complaint initially filed in this case. (*See id.* at PageID 268). As noted above, plaintiff alleged that Lewis subjected him to excessive force, amongst other claims.

With respect to his medical treatment, plaintiff claims that on March 16, 2024, after injuring his foot, he was seen by defendant Nurse Sammons. According to plaintiff, although Sammons concluded that plaintiff's foot was broken and his Achillies tendon torn, he was not permitted to see a doctor. He claims that Sammons instead wrapped his foot and provided him with pain medication and a week-long pass for crutches and ice. In response to plaintiff's request to be taken to a hospital or—to avoid having to go up and down stairs in the facility—to stay in the infirmary, Sammons allegedly scoffed and told him "you'd have to be on the verge of death to go to the hospital." (*Id.* at PageID 14).

Plaintiff similarly alleges that on March 24, 2024, defendant Nurse Hill denied him access to a doctor or the hospital, reasserting that "you'd have to be nearly dying before we'd take you to the hospital from here." (*Id.* at PageID 270-71). With respect to his injuries sustained in the incident with Lewis, plaintiff alleges that Hill told him "this is how prison goes" and "usually there is pain after an officer uses force." (*Id.*). Plaintiff further alleges that after he conveyed that his wrist was seriously injured and requesting a doctor, Hill allegedly stated "all I had to do is give inmates the minimum treatment." According to plaintiff, Hill only reissued his temporary pass for crutches.

As relief, plaintiff seeks injunctive relief under the ADA and monetary damages. (*Id.* at PageID 274).

### B. Analysis

At this stage in the proceedings, out of an abundance of caution and without the benefit of briefing by the parties to this action, the undersigned concludes that the factual allegations and claims asserted in the supplemental amended complaint (Doc. 35) are deserving of further development and may proceed at this juncture. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

It is therefore **ORDERED** that the United States Marshal shall serve a copy of the complaint and supplemental amended complaint (Doc. 6, 35), summons, and this Order upon defendants Cynthia Davis, Nurse Corey Sammons, and Nurse Theresa Hill as directed by plaintiff.[1]

As to defendant CO J. Lewis—who was also named in the initial complaint filed in this action—plaintiff has provided updated summons and United States Marshal forms for this defendant. (*See* Doc. 34). It is **ORDERED** that the Clerk of Court shall issue summons for defendant CO J. Lewis received by the Court on July 16, 2025 (Doc. 34) and that the United States Marshal shall serve a copy of the complaint and supplemental amended complaint (Doc. 6, 35), updated summons, and this order upon defendant CO J. Lewis.

Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the clerk of court a certificate stating the date a true and correct copy of any document was mailed to defendants or counsel. Any paper received by a district judge or magistrate judge which has not been filed with the clerk or which fails to include a certificate of service will be disregarded by the court.

It is further **ORDERED** that plaintiff shall inform the Court promptly of any changes in plaintiff's address which may occur during the pendency of this lawsuit.

**IT IS SO ORDERED.**

Date: July 25, 2025  s/ *Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge

---

[1] By Order issued on March 20, 2025, service was issued on defendants Murray and Haywood. (*See* Doc. 7, 8).