IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TEDDY G. THOMAS, III., | : |
| *Plaintiff*, | : |
| | : Case No. 1:25-cv-14 |
| vs. | : |
| | : Judge Jeffery P. Hopkins |
| C/O J. LEWIS, et al., | : |
| *Defendants*. | : |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND FINDING PLAINTIFF'S OBJECTIONS (DOCS. 20, 26, 31) AS MOOT**

Before the Court are Plaintiff's objections (Docs. 20, 26, 31) to orders issued by Elizabeth P. Deavers related to certain non-dispositive matters. Plaintiff, pro se, Teddy G, Thomas, III, an inmate at the Southern Ohio Correctional Facility ("SOCF"), filed this civil rights action under 42 U.S.C. § 1983 against Cynthia Davis, the warden at SOCF, and several correction officers ("C/O"), who are identified only as C/O J. Lewis, C/O Murray, Captain Gary Haywood, LT. B. Barney, and SGT. A. Cooper., claiming that his constitutional rights were violated. Magistrate Judge Deavers issued a Report and Recommendation, on March 20, 2025, proposing findings and recommending that Defendants' dispositive motion be granted in part and denied in part, to which none of the parties filed timely objections. (Doc. 7)

That Report and Recommendation recommended that Plaintiff's Complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), with the exception of Plaintiff's First, Fourth, and Eighth Amendment claims against Defendants Lewis and Murray and his Eighth Amendment, deliberate indifference claim against Defendant

Haywood. The Magistrate Judge further recommended that Plaintiff be allowed to proceed with his state law claims against Defendants Lewis, Murray, and Haywood. None of the parties in this proceeding filed objections to the R&R's proposed findings and recommendations related to the Magistrate Judge's rulings on Defendants' dispositive motions. Fed. R. Civ. P. 72(b). These matters are now ripe for consideration under Fed. R. Civ. P. 72(a) and (b).

## I. REPORT AND RECOMMENDATION AND ORDERS

### a. DISPOSITIVE MATTERS

As noted, no objections were filed with respect to the Magistrate Judge's proposed findings and recommendation that Defendants' motion to dismiss certain claims be granted. Having carefully reviewed the comprehensive findings and conclusions of the Magistrate Judge and finding no clear error, the Court hereby **ADOPTS** the Report and Recommendation in its entirety. *See* Fed. R. Civ. P. 72 (advisory committee notes from 1983 amendment) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation"); *see e.g., Roane v. Warden of Corr. Reception Ctr.*, No. 2:22-cv-2768, 2022 WL 16535903, at *1 (S.D. Ohio Oct. 28, 2022).

Accordingly, the Court orders that Plaintiff's Complaint (Doc. 6) be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), with the exception of Plaintiff's First, Fourth, and Eighth Amendment claims against Defendants Lewis and Murray and his Eighth Amendment, deliberate indifference claim against Defendant Haywood. At this juncture in the proceedings, Plaintiff may also proceed with his state law claims against Defendants Lewis, Murray, and Haywood. For the reasons stated in the Report and Recommendation

2

and pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal of this Order would lack an arguable basis in law or in fact and thus would not be taken in good faith. The Court accordingly **DENIES** Plaintiff leave to appeal in forma pauperis. In accordance with Fed. R. App. P. 24(a)(5), Plaintiff remains free to file a motion for leave to proceed on appeal in forma pauperis in the Sixth Circuit Court of Appeals. *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999).

b. OBJECTIONS TO NON-DISPOSITIVE MATTERS

After entering the Report and Recommendation on the dispositive matters, the Magistrate Judge issued two other orders related to non-dispositive matters. On May 27, 2025, Magistrate Judge Elizabeth P. Deavers issued an order (Doc. 14) denying Plaintiff's motion to answer the Complaint. And on June 11, 2026, Magistrate Judge Deavers issued an order (Doc. 25) directing Plaintiff to submit a service copy of the Complaint and a properly completed summons form within thirty days. Plaintiff filed objections to both these non-dispositive orders. *See* Docs. 20, 26, 31.

When a party objects to a Magistrate Judge's order that addresses a non-dispositive matter, the court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Here, however, the Court finds that Plaintiff's objections are moot. All of Plaintiff's objections relate to Magistrate Judge Deaver's efforts to effectuate proper procedure for the summons delivered to Defendant C/O J. Lewis. But the summons has since been properly served, and Defendant Lewis has filed an answer (Doc. 46).

Based on the foregoing, Plaintiff's objections are **OVERRULED** as moot.

**IT IS SO ORDERED.**

January 20, 2026

Jeffery P. Hopkins
United States District Judge