IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TEDDY G. THOMAS, III,

      **Plaintiff,**

                              **Case No. 1:25-cv-0014**

      **vs.**                            **Judge Jeffrey P. Hopkins**

                              **Magistrate Judge Elizabeth P. Deavers**

C/O J. LEWIS, *et al.*,

      **Defendants.**

## ORDER

### I.

Plaintiff originally initiated this action pursuant to 42 U.S.C. § 1983 on January 15, 2025, while incarcerated in the Southern Ohio Correctional Facility ("SOCF"). (ECF No. 1.) The Court screened the original Complaint and permitted certain claims against Defendants C/O J. Lewis, C/O Murray, and Captain Gary Haywood to proceed. (ECF Nos. 7, 54.) On July 17, 2025, Plaintiff filed a Supplemental Amended Complaint (ECF No. 35.) The Court screened that pleading and permitted Plaintiff's claims against CO J. Lewis, CO Jenkins, Cynthia Davis, Nurse Corey Sammons, and Nurse Theresa Hill to proceed. (ECF No. 37.) Defendants Haywood and Murray filed an Answer on August 14, 2025. (ECF No. 40.) Defendants Lewis, Hill, and Davis filed an Answer on October 8, 2025. (ECF No. 46.) Thus, as the date of this Order Defendants Sammons and Jenkins have not filed Answers.[1]

---

[1] Summons was issued as to Defendant Sammons on July 28, 2025, and as to Defendant Jenkins on September 22, 2025. (ECF Nos. 39, 45.)

On October 27, 2025, in response to a motion filed by Plaintiff, certain Defendants represented that service has not been perfected on Defendant Corey Sammons because that individual no longer works at SOCF.  (ECF No. 48.)  On December 29, 2025, Defendants filed a Status Report advising the Court as follows:

> On or about December 17, 2025, the Summons for "C/o Jenkins" was received at Southern Ohio Correctional Facility. No additional identifiers were provided by Plaintiff. Without additional clarifying information, SOCF is unable to determine which of the correctional officers with the last name of "Jenkins" is "C/o Jenkins (the one that works the metal detector at Control Center 3, Not the Library.)" Therefore, the summons received by SOCF has been returned as undeliverable.

(ECF No. 50.)

Taking the matter of "C/o Jenkins" first, as Plaintiff's filings reflect, Plaintiff has identified this Defendant to the best of his current ability.  Under this circumstance, the Court finds that Plaintiff should be given the opportunity to undertake limited discovery to identify the specific "C/o Jenkins."

Thus, it is appropriate to permit service of the complaint on a high-ranking official who could identify the specific "C/o Jenkin"s through discovery.  *Slocum v. Bear*, No. 1:18-CV-423, 2019 WL 2234227, at *2–5 (S.D. Ohio May 6, 2019), *report and recommendation adopted*, No. 1:18CV423, 2019 WL 2233633 (S.D. Ohio May 23, 2019).  The SOCF Warden is in a position to know or determine the identity of the specific "C/o Jenkins."  The Court shall order service of the summons and complaint on the SOCF Warden for this limited purpose only.  Once the Warden is served and has filed a response to Plaintiff's complaint, Plaintiff shall be permitted to serve discovery on the Warden to determine the first name of defendant Jenkins. Upon discovery of the full name of this Defendant, Plaintiff will be required to amend his complaint to identify him and the SOCF Warden will be dismissed.

As to Defendant Sammons, initially, the Court "has no obligation to ferret out additional information" regarding a defendant. *Vick v. Bernard*, No. 2:15-CV-116-JRG-MCLC, 2018 WL 9811676, at *3 (E.D. Tenn. Mar. 26, 2018) (citing *Fitts v. Sicker*, 232 F. App'x 436, 443 (6th Cir. 2007) (declining to impose a duty on district courts to actively seek out the address of a defendant so that service can be effectuated)). Nevertheless, some courts have chosen to assist pro se plaintiffs with such an undertaking. *Id.* (citing see *Baldwin v. Croft*, 2013 WL 172870, at *1 (N.D. Ohio Jan. 16, 2013) (ordering the warden to provide the United States Marshal Service with the last known addresses of the unserved defendants); *Allen v. Siddiqui*, 2008 WL 2217363, at *2 (W.D. Ky. May 27, 2008) (noting that the court's practice in pro se prisoner cases was to order the agency that previously employed the defendant to provide his last known address under seal)).

For several reasons, the Court will assist with obtaining Corey Sammons' last known address for purposes of service. *See Reed-bey v. Pramstaller*, No. 06-CV-10934-VAR-RSW, 2013 WL 1183301, at *2 (E.D. Mich. Mar. 21, 2013), *aff'd,* 607 F. App'x 445 (6th Cir. 2015) (noting that the Court had *sua sponte* directed the Marshal to serve certain defendants following the return of unexecuted waivers of service and ultimately *sua sponte* ordered personal service by the Marshal). The Court has "broad remedial power to ensure proper service is accomplished once an *in forma pauperis* plaintiff has taken reasonable steps to identify the defendants named in the complaint." *Ely v. Smith,* 2008 WL 2076651, at * 1 (E.D. Tenn. May 15, 2008) (citing *Byrd v. Stone,* 94 F.3d 217, 219 (6th Cir.1996)); *see also Baldwin v. Croft*, No. 3:12 CV 1867, 2013 WL 172870, at *1 (N.D. Ohio Jan. 16, 2013) (discussing Court's authority and ordering United States Marshal to obtain from the institution the last known address of a defendant no longer employed there). Additionally, courts have "routinely acknowledged" both "the security

3

concerns inherent in providing inmates with the personal addresses of prison employees for service of complaints" and the difficulties inmates frequently face in obtaining such information. *Id.* (citing *Baldwin,* 2013 WL 172870, at *1); *see also VanDiver v. Martin*, 304 F. Supp. 2d 934, 939 (E.D. Mich. 2004) ("[P]rison guards typically do not want prisoners to have their home addresses and it is often very difficult, if not impossible, for prisoners to learn the addresses of such employees."); *Ely,* 2008 WL 2076651, at *2 (noting "the reality that prisoners often get the 'runaround' when they attempt to obtain information through governmental channels and needless attendant delays in litigating a case.") (citation omitted). Finally, the Court finds that the interest of efficiency is served by its assistance under the circumstances of this case.

Accordingly, within **FOURTEEN DAYS OF THE DATE OF THIS ORDER**, defense counsel is **DIRECTED** to either provide the Court with Corey Sammons' last known address or notify the Court that they do not have and cannot access additional information regarding Corey Sammons that may be of assistance. *See, e.g., Hughbanks v. Fluke*, No. 4:21-CV-04167-KES, 2023 WL 1930334, at *2 (D.S.D. Feb. 10, 2023) (ordering counsel who had appeared on behalf of the State defendants to provide the last known addresses for unserved defendants). Any information as to the address should be filed with the Court under seal. Any summons issued as to this Defendant will be signed and sealed by the Clerk and forwarded to the United States Marshal for service, pursuant to Federal Rule of Civil Procedure 4.

## II.

The Court now turns to several pending motions filed by Plaintiff. First, Plaintiff has filed a "Motion by Ohio Civ.R.7." (ECF No. 47.) Through this motion, Plaintiff, in part, requests that the Court "order all of the Defendants to answer the Complaint." (*Id*.) He also requests that the Court order a "photo array or a in person line-up" so that he can perfect service

4

on Defendants Lewis and Jenkins.  (*Id*.)  Finally, he mentions his suspicions regarding the alleged disappearance of his electronics.  Plaintiff's requests are **DENIED.**

First, the Court's docket reflects that all properly served Defendants have filed Answers. (ECF Nos. 40, 46.)  Further, with respect to the request for a photo array or line-up, the Court already has advised Plaintiff that, "[w]hile, under specific circumstances, courts have recognized that a pro se plaintiff may require limited assistance to obtain information sufficient to identify a defendant in order to effect proper service, such assistance has not included the type of relief Plaintiff requests here."  (ECF No. 44.)  Moreover, as the Court's docket reflects and Defendants' response confirms, service was perfected on Defendant Lewis, and he filed an Answer on October 8, 2025.  (ECF Nos. 46, 48.)  As to Defendant Jenkins, that matter has been addressed above.  Finally, to the extent that Plaintiff may be attempting to raise a new claim relating to his electronics, new claims are more properly brought before the Court by way of an amended complaint.  For this reason, the Court will not consider this information further at this time.

Plaintiff also has filed a "Motion in Response to 'Defendant's Response to Plaintiff's Motion Received Oct. 31, 2025."  (ECF No. 49.)  In this filing, Plaintiff requests that the Court order Defendants to verify their defenses, disputes that Corey Sammons no longer is employed at SOCF, again requests a photo array, and requests that the Court strike certain language in the Defendants' response.  These requests are also **DENIED.**  The Court has addressed the issues presented by Plaintiff's request for a photo array and the matter of Corey Sammons above. Further, Plaintiff has set forth no basis for requiring the verification of defenses or striking certain language in Defendants' response.

Finally, Plaintiff has filed a document reflected on the Court's docket as a "Motion for Discovery and Motion to Compel Settlement." (ECF No. 51.) To the extent that this filing is appropriately considered to be a "motion," it is **DENIED.** Any discovery requests or demand for settlement negotiations are premature at this time.

**III.**

For the reasons stated above, Plaintiff's Motions (ECF Nos. 47, 49, and 51) are **DENIED.**

The United States Marshal shall serve a copy of the complaint, supplemental amended complaint, summons, and this Order upon the SOCF Warden. All costs of service shall be advanced by the United States. Plaintiff shall be granted leave to proceed against the SOCF Warden solely for the purpose of determining the identity of the C/o Jenkins named as a Defendant in this lawsuit.

Within **FOURTEEN DAYS OF THE DATE OF THIS ORDER**, defense counsel is **DIRECTED** to either provide the Court with Corey Sammons' last known address or notify the Court that they do not have and cannot access additional information regarding Corey Sammons that may be of assistance. Any information as to the address should be filed with the Court under seal.

The Clerk is **DIRECTED** to cause the docket to reflect that V. Brown, Sgt. A. Cooper, and Lt. B. Barney have been terminated as Defendants in this action.

**IT IS SO ORDERED.**

/s/ *Elizabeth A. Preston Deavers*

DATED: **February 9, 2026**          **ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**